IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BIRDELL TOLLIVER, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:19-cv-02655-M |
| COVINGTON CREDIT and EXPERIAN INFORMATION SOLUTIONS, INC., | § § § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT COVINGTON CREDIT'S**
**MOTION TO COMPEL ARBITRATION AND STAY ACTION**

Before the Court is Defendant Covington Credit's Motion to Compel Arbitration and Stay Action. (ECF No. 20). For the following reasons, the Motion is **GRANTED**.

**I.     Factual and Procedural Background**

Plaintiff, Birdell Tolliver, is a consumer. (ECF No. 1 ¶ 3). Defendant Covington Credit makes loans to consumers and provides their credit information to consumer reporting agencies. (*Id.* ¶ 4). Defendant Experian Information Solutions, Inc. is a consumer reporting agency. (*Id.* ¶ 5).

On September 5, 2014, Plaintiff executed a Consumer Credit Disclosure-Promissory Note and Security Agreement ("the Loan Agreement") with Defendant Covington Credit. (ECF No. 21 at 9–10). The Loan Agreement's alternative dispute resolution clause incorporated by reference a separate arbitration agreement, which Plaintiff also signed ("the Agreement"). (*Id.* at 9, 12).

1

On November 7, 2019, Plaintiff filed suit against Defendants, alleging violations of the Fair Credit Reporting Act (FCRA) and the Texas Consumer Credit Reporting Act (TCCRA), for reporting and failing to correct allegedly inaccurate credit information concerning the Covington Credit loan to Plaintiff.  (ECF No. 1); *see also* 15 U.S.C. § 1681, et seq; Tex. Bus. & Com. Code § 20.01, et seq.

On January 28, 2020, Defendant Covington Credit moved to compel arbitration and to stay this case.  (ECF No. 20).  Plaintiff requested a hearing on this Motion, but the parties have fully briefed the issues and no disputed facts on the issue of arbitrability are alleged or apparent from the record.  *Commerce Park at DFW Freeport v. Mardian Const. Co.*, 729 F.2d 334, 340 (5th Cir. 1984).  The request for a hearing is therefore denied.

**II.   Legal Standard**

To determine if a party can be compelled to arbitrate, the Court is to determine if the party agreed to arbitrate the dispute, and if so, whether a federal law or policy makes the claims not arbitrable.  *Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 381 (5th Cir. 2008).

To determine whether a party agreed to arbitrate, the Court must determine whether there is a valid agreement to arbitrate the claims and whether the issues in dispute fall within the scope of the arbitration agreement.  *Id*.  A broad arbitration provision carries a presumption of arbitrability that can only be overcome if "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986).

**III.   Analysis**

Plaintiff has not identified a federal statute or policy that renders his claims nonarbitrable, and the Court knows of none.  Thus, the Court turns to the question of whether Plaintiff agreed to

arbitrate his claims.  The Agreement states, "Any dispute, with the exception of those outlined below, will be subject to arbitration.  You and I waive our rights to have disputes resolved in court by a judge or jury."[1]  (ECF No. 21 at 12).  The exception to the applicability of the Agreement is for claims totaling less than $1,500, and that exception is inapplicable here.  (*Id.*)  Plaintiff contends he is not required to arbitrate because "[t]he arbitration clause at issue makes no mention of claims or causes of action under the [FCRA] or the [TCCRA]."  (ECF No. 22 ¶ 7).

Arbitration clauses containing the language "any dispute" are broadly construed.  *Complaint of Hornbeck Offshore (1984) Corp.*, 981 F.2d 752, 755 (5th Cir. 1993); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983) (holding that any doubts about the scope of arbitrable issues should be resolved in favor of arbitration).  Thus, the Agreement includes claims brought under the FCRA or TCCRA.  *Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 381 (5th Cir. 2008) (affirming the district court's holding that the FCRA and other claims were within the scope of "[a]ll disputes" in the arbitration clause).

When a dispute must be arbitrated, the Court must stay the case until the conclusion of arbitration.  9 U.S.C. § 3; *see also Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1654 (5th Cir. 1992) (noting that "a stay is mandatory upon a showing that the opposing party has commenced suit upon any issue referable to arbitration . . . .") (internal quotations omitted).

The Agreement is between Plaintiff and Defendant Covington Credit.  (ECF No. 21).  Defendant Experian Information Solutions, Inc. is not a party to it.  However, the same facts underlie the claims against both Defendants.  Thus, the Court will stay this case in its entirety pending the outcome of the arbitration.

---

[1] The Loan Agreement states that "You" refers to Defendant Covington Credit and "I" refers to Plaintiff.  (ECF No. 21 at 9).

Accordingly, Defendant Covington Credit's Motion to Compel Arbitration and Stay Action is **GRANTED**, and Plaintiff is required to arbitrate his claims against Covington Credit in accordance with the Agreement.  This case is **STAYED** pending the outcome of the arbitration proceeding.  The Plaintiff shall advise the Court of the outcome of the arbitration and of his plans to pursue his claims against Defendant Experian Information Solutions, Inc. within **fourteen days** of the arbitration decision.  The Clerk of Court shall administratively close the case.

**SO ORDERED**.

May 31, 2020.

_____
BARBARA M. G. LYNN
CHIEF JUDGE